IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 12-233 |
| | ) | Civil No. 25-1080 |
| ANDRE WILLIAM SIZEMORE, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

MEMORANDUM OPINION

Pending before the court is a document filed pro se by defendant Andre Sizemore ("Sizemore"), which was construed as a petition under 28 U.S.C. § 2255 (Crim. No. 12-233, ECF No. 103, Civ. No. 25-1080, ECF No. 1). The government filed a response in opposition (Crim. No. 12-233, ECF No. 104) and it is ripe for decision.

Factual And Procedural Background

Sizemore is currently serving a supervised release sentence imposed by this member of the court at Crim. No. 12-233. Sizemore is located at USP Canaan, in Waymart, Pennsylvania. USP Canaan is located in the Middle District of Pennsylvania. Sizemore's filing is entitled "Notice of 2241." The document was filed as a new case in the United States District Court for the Eastern District of Pennsylvania ("EDPA"), but contains the case number of Sizemore's criminal case in this court. The EDPA construed the document as a § 2255 petition and transferred the matter to this court.

Sizemore argues that, based on Executive Order #14206 § 1, dated April 8, 2025, his

1

"conviction for possession of a firearm, which took place in the Western District Court of PA, now be vacated" because the conviction violates his Second Amendment rights.  ECF No. 1 at 1.

It is unclear what conviction (or convictions) Sizemore is challenging.  There are several possibilities:

1. on November 26, 2013, Sizemore pleaded guilty to count one of the indictment at Crim. No. 12-233, which charged him with felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  This member of the court sentenced Sizemore to a term of imprisonment of 93 months, to be followed by 3 years of supervised release. Sizemore completed his prison term on July 12, 2019;

2. on September 28, 2020, Sizemore was charged with numerous crimes in the Pennsylvania state court, including: Aggravated Assault(F1), Aggravated Assault (F2), Robbery (F1), Persons not to Possess, Use, Manufacture, Control, Sell or Transfer Firearms (F2), Carrying Firearm Without a License (F3), Prohibited Offensive Weapon Make, Sell, Repair, Use, Possess (M1), Recklessly Endangering Another Person (M2) and Tamper with /Fabricate Physical Evidence (M2), at Docket Number CP-02-CR-8284-2022 (OTN: G8736162).  The probation office reported that on February 13, 2025, Sizemore entered guilty pleas in the state court to Robbery-Inflict Serious Bodily Injury (F1), Aggravated Assault-Attempts to Cause or Causes BI with Deadly Weapon (F2); **Possession of Firearm Prohibited (F2); and Firearms Not to be Carried Without License (F3)** (ECF No. 86) (emphasis added). He was sentenced to 18-36 months in prison.  The current status of the state sentence is unknown; and

3.  as a result of that conduct, the probation office filed a petition to revoke Sizemore's supervised release imposed by this court in Crim. No. 12-233. On April 15, 2025, this court found that Sizmore violated his conditions of release and sentenced him to 18 months in prison, with a new term of supervised release of 18 months to follow. Sizemore is currently serving this prison sentence, with a projected release date of May 28, 2026. https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results, last visited September 5, 2025.

Discussion

A.  Sentences imposed by this court

As an initial matter, the court notes that Sizemore's completion of his prison term for the original conviction in this case "does not moot the 2255 Motion, however, because a conviction is presumed to have continuing collateral consequences." *Burks v. United States*, No. 23-4082, 2024 WL 4751244, at *2 n.3 (D.N.J. Nov. 8, 2024) (citing *Sibron v. New York*, 392 U.S. 40, 57–58 (1968)). In fact, Sizemore is currently serving a prison sentence arising from a supervised release violation in this case and is facing another term of supervised release upon its completion.

Sizemore's challenges to his § 922(g)(1) conviction and his supervised release sentence fail on the merits. Section 922(g)(1) is not facially unconstitutional and is not unconstitutional as applied to Sizemore. Sizemore's status is analogous to the situation in *United States v. Davis*, No. CR 21-14, 2024 WL 94347 (W.D. Pa. Mar. 5, 2024), in which the court denied a similar § 2255 challenge to a §922(g)(1) conviction. The court explained:

Davis' status as a felon unable to possess a firearm is based on his prior

3

convictions for a serious crack cocaine conspiracy, a RICO conspiracy based on gang activity, and three counts of attempted murder (using a firearm). PIR (ECF No. 66). Davis' criminal history, as recounted in the PIR, reflects numerous instances of violence involving firearms (ECF No. 66). Contrary to Davis' suggestion, he does pose a cognizable threat to the safety of the community related to gun violence.

*Range* [*Range v. Att'y Gen. United States of Am.*, 69 F.4th 96, 101 (3d Cir. 2023), opinion after remand, 124 F.4th 218 (3d Cir. 2024) ] was a narrow decision which involved an underlying conviction for making a false statement to obtain food stamps in violation of Pennsylvania law. *See* 62 Pa. Stat. Ann. § 481(a). Davis' underlying convictions present starkly different dangers to the public than the food stamp fraud conviction at issue in *Range*.

*Id.* at *4. *See United States v. Rahimi*, 602 U.S. 680, 693 (2024) ("the Second Amendment permits the disarmament of individuals who pose a credible threat to the physical safety of others").

Sizemore, like Davis and unlike the petitioner in *Range*, presents a stark danger to the safety of the community given his extensive criminal history. Sizemore's Final Presentence Investigation Report ("PIR"), ECF No. 42, reflects that Sizemore is in the highest category, Crim. Hist. VI. His prior crimes include distribution of crack cocaine, robbery and aggravated assault. *Id.* The prohibition on Sizemore's ability to possess a firearm does not violate the Second Amendment.

Sizemore's challenge to his supervised release sentence fails for at least two independent reasons. First, Sizemore was on supervised release in 2020 when he possessed the firearm that was charged as one of the violations of his conditions of supervision. In *United States v. Moore*, 111 F.4th 266, 267 (3d Cir. 2024), cert. denied, No. 24-968, 2025 WL 1787742 (U.S. June 30, 2025), the court held that a person on supervised release does not have a constitutional right to possess a firearm.

4

Second, as the government accurately points out, ECF No. 104 at 2, Sizemore would be serving the same supervised release sentence regardless of the violations involving a firearm. Sizemore violated the conditions of his supervised release by committing numerous crimes which did not implicate his Second Amendment rights (including aggravated assault and robbery),and committed numerous other violations of his conditions of release. The advisory guideline term of imprisonment would have been 33-41 months, U.S.S.G. § 7B1.4, although it was capped at the statutory maximum of 24 months. The court varied downwards and imposed a prison term of 18 months. Sizemore does not challenge the validity of the revocation proceedings.

In sum, to the extent that Sizemore is challenging the sentences imposed by this court in Crim. No. 12-233 for: (1) the underlying § 922(g)(1) conviction; and (2) the violations of his conditions of supervised release, as violative of his Second Amendment rights, those challenges lack merit. It is consistent with historical tradition to deprive Sizemore of his right to possess a firearm. His § 2255 motion will be denied.

Pursuant to 28 U.S.C. § 2253(c), the petitioner in a § 2255 proceeding may not appeal from the final order in that proceeding unless he makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court finds that jurists could not conclude that the issues presented here are adequate to deserve encouragement to proceed further and

accordingly DENIES a certificate of appealability.

    B.  Sentence imposed by the state court

To the extent that Sizemore is intending to challenge his state firearm convictions as a violation of his federal constitutional rights under 28 U.S.C. § 2241, that challenge must be pursued in the United States District Court for the Middle District of Pennsylvania ("MDPA"). In *Zumba v. Bondi*, No. 25-CV-14626 (KSH), 2025 WL 2476524 (D.N.J. Aug. 28, 2025), the court explained:

> Under 28 U.S.C. § 2241, the Court may "grant the writ of habeas corpus on the application of a prisoner held 'in custody in violation of the Constitution or laws or treaties of the United States.' " *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 178 (3d Cir. 2017) (quoting 28 U.S.C. § 2241(c)(3)). A § 2241 habeas petitioner challenging [his] "present physical custody within the United States" – as petitioner has done here – "should name [his] warden as respondent and file the petition in the district of confinement." *Anariba v. Dir. Hudson Cnty. Corr. Ctr.*, 17 F.4th 434, 444 (3d Cir. 2021) (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004)).

*Id.* at *4.

Sizemore is currently incarcerated at USP Canaan, which is located in the Middle District of Pennsylvania.  Section § 2241 cases filed by prisoners incarcerated at USP Canaan must be adjudicated in the MDPA.  *See, e.g., Harvey v. Warden/Superintendent of USP Canaan*, No. 1:21-CV-02150, 2022 WL 2292006, at *1 (M.D. Pa. June 24, 2022).  Sizemore's filing in the EDPA was in error.

Sizemore's pro se filing was difficult to decipher, did not name the warden as a defendant, and used the caption of the criminal case in this court.  If Sizemore is seeking to challenge his state court convictions, the transfer of the § 2241 aspect of Sizemore's filing to this

court, rather than the MDPA, may have been improvident.  This court will deny that aspect of Sizemore's motion without prejudice for him to present a proper § 2241 challenge to his state conviction in the MDPA.

E. Conclusion

In accordance with the foregoing discussion, the pro se § 2255 motion filed by Sizemore (Crim. No. 12-233, ECF No. 103, Civ. No. 25-1080, ECF No. 1) will be denied. A certificate of appealability will not issue. The denial will be without prejudice to Sizemore's opportunity to assert a proper § 2241 challenge to his state conviction in the MDPA.  Civil Action No. 25-1080 will be marked closed.

An appropriate order will be entered.

Date:   September 9, 2025                    BY THE COURT:

                                             /s/ *Joy Flowers Conti*
                                            Joy Flowers Conti
                                            Senior United States District Judge